[No. 17142. Department One. September 14, 1923.]

EMILY KIENER, *Appellant,* v. ETTA OLSON HOOD *et al.,* *Respondents.*[1]

DEEDS (4)—CONSIDERATION—SUFFICIENCY. There was a sufficient consideration for a deed, reserving a life interest, where it appears that the grantee some years before had contributed $600 to an investment which went into the property which had been conveyed to the grantor.

LIMITATION OF ACTIONS (56)—FRAUD—DISCOVERY OF FRAUD—EVIDENCE—SUFFICIENCY. An action for the cancellation of a deed on the ground of fraud is barred by the three-year statute of limitations, where it is based on the claim of fraud and threats to "railroad" the grantor's brother to the penitentiary, all of which was known to the plaintiff more than three years prior to the commencement of the action.

Appeal from a judgment of the superior court for Skagit county, Brawley, J., entered September 20, 1921, in favor of the defendants, dismissing an action to cancel a deed, tried to the court. Affirmed.

*Shrauger & Henderson,* for appellant.

*J. C. Waugh,* for respondent.

[1]Reported in 218 Pac. 1.

MAIN, C. J.—The plaintiff brought this action to cancel and set aside a deed executed and delivered by her to the defendant Etta Olson Hood, on the 16th day of September, 1916, whereby the plaintiff conveyed to Mrs. Hood a tract of land containing about five acres, in Skagit county. By the deed the plaintiff retained a life interest in the property. The cause was tried to the court without a jury, and resulted in a judgment dismissing the action, from which the plaintiff appeals.

At the time the deed was executed, the appellant was residing in the state of Missouri, and the respondent Mrs. Hood, her daughter, had been visiting her for a period of about ten days. Shortly after the deed was executed, Mrs. Hood returned to the state of Washington and she and her husband went into possession of the property, cleared a portion thereof and otherwise improved it. In July, 1919, the appellant came to this state and made her home with the respondents, who resided upon the property. In March, 1921, the present action was begun to set aside the deed, alleging that. it was obtained without consideration and by means of undue influence, duress, misrepresentation and fraud. The respondents denied the charges of the complaint and pleaded affirmatively the statute of limitations. Sometime during the fall of the year 1919, the same year in which the appellant came to this state, Charlie Kiener, one of her sons, and a brother of Mrs. Hood, came, and he also resided with the respondents. As testified by one witness, the family trouble began when this brother became a member of the family, or soon thereafter.

From the facts stated, it appears that the deed was given more than four years prior to the time that the action was instituted. An action upon any of the grounds stated must be brought within three years after the events happened, with the exception of relief

on the ground of fraud, which may be brought within three years after discovery by the aggrieved party of the facts constituting the fraud. In *Morgan v. Morgan,* 10 Wash. 99, 38 Pac. 1054, it was held that an action to set aside a deed on the ground that it was fraudulently obtained and was without consideration must be brought within three years. Rem. Comp. Stat., § 159 [P. C. § 8166]. This reduces the question practically to whether there was fraud, and if so, whether it was discovered within three years after it was committed. If there was fraud it was by reason of the fact that the conveyance was made without consideration and was induced by threats on the part of Mrs. Hood that, if it was not made, she would have a son of the appellant, who was then residing with her and was a brother of Mrs. Hood, "railroaded" to the penitentiary.

Upon the question as to whether there was a consideration, the evidence is directly conflicting. As to the threats made, it is likewise conflicting. The trial court, while not making any findings in the judgment dismissing the action, recited that the "plaintiff has proved no case," thus apparently deciding the matter upon the merits rather than on the ground of the statute of limitations. After carefully reading the record, we are of the opinion that there was a consideration to sustain the deed. Some years prior, Mrs. Hood had contributed $600 which went into property the title to which was taken in the name of a brother for the benefit of the appellant, the other half of the consideration being contributed by the brother. Before this action was instituted and after the conveyance here in question was made, the property referred to was conveyed to the appellant.

On the question of the threats by Mrs. Hood to say "awful things" and "railroad" her brother to the penitentiary, the evidence is likewise conflicting. The

appellant testified that she had not mentioned these threats to anyone from the time they were made until shortly before this action was instituted, because her daughter had told her not to and she was afraid to mention it. She made no inquiry to ascertain whether or not there was any foundation for such threats. If anything was said of the tenor that she now claims, she had ample opportunity to investigate it within a short time after making the conveyance and more than three years prior to the time the present action was instituted.

The judgment will be affirmed.

HOLCOMB, BRIDGES, MACKINTOSH, and MITCHELL, JJ., concur.