## DAVIDSEN v. SALT LAKE CITY.

No. 5929.  Decided July 8, 1938.  (81 P. 2d 374.)

*Irvine, Skeen & Thurman* and *A. U. Miner,* all of Salt Lake City, for appellant.

*Fisher Harris,* City Atty., and *E. R. Christensen* and *Gerald Irvine,* Asst. City Attys., all of Salt Lake City, for respondent.

HOYT, District Judge.

In this case plaintiff asks that a deed from plaintiff to defendant city be set aside and that title to the land described in the deed be quieted in plaintiff. The complaint also contains a prayer for general relief. Plaintiff asserts that the deed was obtained by fraud. The defendant city denies this, and further alleges that the suit is barred by the provisions of subdivision 4 of Section 6468, Compiled Laws 1917, which provides that an action for relief on the ground of fraud or mistake shall be brought within three years, and that the cause of action in such case shall not be deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud or mistake.

The deed in question was sent in January, 1922, to one Fernstrom, right of way agent of the defendant city with an accompanying letter to the effect that it was tendered upon condition that the city would make certain improvements including sidewalk paving and curb and gutter. The deed covered a strip of land which the city desired to acquire for the widening of a narrow street adjoining the plaintiff grantor's lot.

The evidence shows that Fernstrom had previously negotiated with plaintiff and one A. C. Smoot who owned an interest in the property and Fernstrom testified that he had been promised the deed without any conditions attached. Fernstrom was annoyed at the conditions imposed in the letter accompanying the deed and while in this state of mind sent the deed without the letter in question to the city commission with the recommendation that it be accepted. The city commission, it appears without knowledge of the letter imposing conditions, accepted the deed and had it recorded. The city then widened the street, brought it down to grade and extended a conduit across a creek intersecting the street at the north end of the strip in question. Thereafter plaintiff, through his attorney, demanded performance of the conditions specified in the letter referred to, including the installation of sidewalk paving and curb and gutter. He

was then informed, in February or March, 1923, that the city commission had not accepted the arrangements mentioned in the letter above referred to, and that the city would not do any more work except the back-filling of the conduit. This back-filling was thereafter done and sidewalk paving was later installed by the city but this latter was not done until after the commencement of this suit. The suit was commenced September 27, 1927. The trial court found that there had been no fraud on the part of the defendant city; that plaintiff had not offered to pay for benefits received from improvements made by the city; that the plaintiff's claim was old and stale and plaintiff had been guilty of laches and was therefore not entitled to be heard; that plaintiff had had full knowledge of all the facts constituting his alleged cause of action for more than three years prior to commencement of suit; and that plaintiff's cause of action, if any, was barred by the three year statute of limitations above mentioned. The plaintiff appeals and assigns as error the foregoing findings and conclusions of the trial court. The plaintiff contends that the three year statute of limitations above mentioned does not apply in this case but that this suit should be deemed an action to recover real property and the statute of limitations applicable is the seven year statute, viz., Sections 6449 and 6450, C. L. 1917, which read as follows:

"6449. No action for the recovery of real property, or for the possession thereof, shall be maintained, unless it appear that the plaintiff, his ancestor, grantor, or predecessor was seized or possessed of the property in question within seven years before the commencement of the action.

"6450. No cause of action, or defense or counterclaim to an action, founded upon the title to real property or to rents or profits out of the same, shall be effectual unless it appears that the person prosecuting the action, or interposing the defense or counterclaim, or under whose title the action is prosecuted or defense or counterclaim is made, or the ancestor, predecessor, or grantor of such person was seized or possessed of the property in question within seven years before the committing of the act in respect to which such action is prosecuted or defense or counterclaim made."

In support of his contention that the three-year statute of limitations, relating to actions for relief upon the ground of fraud or mistake, does not apply to this case, appellant relies upon the case of *Murphy* v. *Crowley,* 140 Cal. 141, 73 P. 820, 821. The Supreme Court of Kansas in *Foy* v. *Greenwade,* 111 Kan. 111, 206 P. 332 and 335, calls attention to the fact that in *Murphy* v. *Crowley,* supra, upon this question of the applicable statute of limitations, two justices dissented and a third justice concurred only because the matter was stare decisis in California. The Kansas court refused to follow *Murphy* v. *Crowley,* supra, and held that the Kansas two year statute of limitations relating to actions for relief upon the ground of fraud or mistake barred plaintiff's action to set aside a conveyance of real estate alleged to have been procured by fraud.

The Supreme Court of California has itself also questioned the soundness of the decision in *Murphy* v. *Crowley,* supra. In the later case of *Brazil* v. *Silva,* 181 Cal. 490, 185 P. 174, 178, the court said:

"As to the statute of limitations the question is concluded by *Murphy* v. *Crowley* [supra]. It was there held that even as to a suit in equity, where the gravamen of the cause of action was fraud, the period of three years allowed by the Code for the commencement of an action based on fraud was not the only period permissible, where it was sought by the suit to recover the title to or possession of real property, and that in such a case the five-year period allowed for actions to recover real property also applied. The reason given in *Murphy* v. *Crowley* [supra], for this ruling was that, whatever might be the merits of the question, it was concluded by previous decisions in this state. The force of this reason is now doubly strong, and we can but follow the rule, *although, viewed as a new question, its correctness is exceedingly doubtful, to say the least.*" (Italics supplied.)

Another case upon which appellant relies is *Campbell* v. *Dick et al.,* 71 Okl. 186, 176 P. 520. In so far as that case lends support to appellant, it must be conceded that a later case in the same court, *Tomlin* v. *Roberts et al.,* 126 Okl. 165, 258 P. 1041, destroys that support and shows the Okla-

homa court definitely committed to a rule contrary to that contended for by plaintiff here. In *Tomlin* v. *Roberts,* supra (page 1043), the Oklahoma court quotes from an earlier decision, *Warner* v. *Coleman,* 107 Okl. 292, 231 P. 1053, in which Mr. Chief Justice Branson said:

"Subdivision 3 of section 4657, Rev. Laws 1910 [12 Okl. St. Ann. § 95, subd. 3], which in effect provides that civil actions other than for the recovery of real property can only be maintained when brought within two years after discovery of fraud, is the applicable limitation statute where equitable remedy such as rescission is pursued to reinvest title in complainant conveyed by deed, where the right to rescind is based on allegations of fraud in the procurement of the deed."

After quoting this language from its former decision the court says:

"As stated above, an action for the recovery of land, based upon the cancellation of a deed procured by fraud, and for the recovery of possession, may be brought in the same cause, but the deed must first be canceled, and when the deed is canceled, judgment for possession of the property follows as a necessary incident. We think this case clearly comes within the rules laid down by Mr. Chief Justice Branson in the Coleman Case, supra, and is controlled thereby, and since plaintiff did not bring her suit within two years after the discovery of the fraud in the procurement of the Creegan deed she could not thereafter maintain it."

The following cases support the rule that the limitation statute applicable to a case such as the one at bar is the statute relating to actions for relief upon the ground of fraud or mistake, and not the statute relating to actions for recovery of possession of real estate: *Morgan* v. *Morgan,* 10 Wash. 99, 38 P. 1054; *Kiener* v. *Hood,* 126 Wash. 431, 218 P. 1; *Webb* v. *Logan,* 48 Okl. 354, 150 P. 116; *Combs* v. *Grigsby,* 200 Ky. 31, 252 S. W. 111; and *New* v. *Smith,* 86 Kan. 1, 119 P. 380.

In *Weight* v. *Bailey,* 45 Utah 584, 147 P. 899, plaintiff brought a suit to reform a written contract and to recover judgment according to its terms when reformed. The three-year statute of limitations relating to actions for relief upon

the ground of fraud or mistake was pleaded in defense and the trial court held the suit to be barred by such statute. Upon appeal plaintiff urged that the statute did not apply, and that an action to reform a written instrument might be brought at any time while an action upon the instrument could be brought to enforce it. It was also urged that "mere lapse of time does not bar any case of purely equitable jurisdiction." This court held that the three-year statute applied, the court saying (page 902) :

> "If the contract did not express the agreement made by respondent and himself, [appellant] he then had full notice of that fact, and hence was required to bring the action to reform the contract so as to make it evidence the agreement as made. Such an action he was required to bring within three years from the time he learned of all the facts constituting the fraud or mistake pleaded by him.   *   *   * We are clearly of opinion that both upon principle and authority, under a statute like ours, the right of action was barred."

This court has also held that, although actions by which nothing is sought except to remove a cloud from or to quiet the title to real property as against apparent or stale claims are not barred by the statute of limitations, yet the statute does apply to actions in which the principal purpose is to obtain some affirmative relief. *Branting* v. *Salt Lake City*, 47 Utah 296, 153 P. 995. Plaintiff in this case apparently concedes that the statute of limitations applies, but contends that the section of the statute which is applicable is the seven year statute relating to actions for recovery of real property. With this we cannot agree. Plaintiff here asks for affirmative relief other than removal of a cloud on his title. He is not in possession of the land. He asks that a deed which he executed to defendant be cancelled for fraud. The legislature of this state, as in nearly all other states, has seen fit to fix a shorter period of limitation upon actions for relief upon the ground of fraud or mistake than for recovery of possession of real estate. This is for the very cogent reason that a person claiming to have been defrauded or to have been induced to enter into

a contract by mistake should not be permitted to allow a great length of time to elapse after discovery of the fraud or mistake before instituting his suit. Otherwise, false claims of fraud or mistake might be asserted after the opposing party is unable to meet the issue because of death or absence of witnesses or destruction of vouchers and proofs. We think the same reasons exist in the case of suits for cancellation of instruments affecting real estate as in the case or suits for cancellation of other instruments. It seems probable that a considerable percentage of all cases brought for cancellation of instruments upon the ground of fraud or mistake are cases in which the instruments affect real estate. And although, in this case, plaintiff has asked that his title be quited and has prayed for general relief, yet from both his allegations and proofs it is clear that unless his right to have the deed cancelled is established he is not entitled to have his title quieted nor to have judgment for possession of the property. He may, in one action, it is true, ask for cancellation of the deed and to have his title quieted and recover possession of the real estate. But if his relief in each case depends as here upon the cancellation of a deed for fraud or mistake, he must bring his action within the period provided by law for an action based upon that ground. It would be extremely mischievous if a person claiming to be a victim of fraud or mistake were permitted to delay bringing his action until nearly seven years after discovery of the fraud or mistake upon which he relies.

From our examination of the evidence in this case it appears that although the plaintiff may have failed to establish his right to cancellation of the deed upon the ground of fraud by the defendant, yet, if the deed in question was tendered to the city upon specified conditions and the city commission accepted the deed and ordered it recorded without being informed of the specified conditions, there was no meeting of the minds of the grantor and grantee, in which event the plaintiff might have been entitled to a decree of cancellation if he had brought timely suit therefor. This,

however, does not better the plaintiff's position for a suit for relief upon the ground of mistake was governed by the same statute of limitations which we herein hold applies to a suit for cancellation upon the ground of fraud, viz., subdivision 4 of Section 6468, C. L. 1917. Appellant has not argued in his brief his right to relief upon any ground except fraud on the part of the defendant city and much of his brief is devoted to argument that the trial court erred in finding that the defendant was not guilty of fraud. He does not argue that he was entitled to have the deed cancelled because there was no meeting of the minds of the grantor and grantee. It is the view of this court that subdivision 4 of Section 6468 of the statute of limitations bars plaintiff's action regardless of whether he sought relief upon the ground of fraud by the city in procuring the deed or upon the ground of mistake in that there was no meeting of the minds of the grantor and grantee.

We hold therefore that the trial court was correct in holding that plaintiff's action was barred by the provisions of subdivision 4 of Section 6468, C. L. U. 1917. This makes it unnecessary to review other findings or conclusions of the trial court. The judgment is affirmed, respondent to recover costs.

HANSON, MOFFAT, WOLFE, and LARSON, JJ., concur.

FOLLAND, C. J., being disqualified, did not participate herein.