2018 UT App 99

## THE UTAH COURT OF APPEALS

YOUNG RESOURCES LIMITED PARTNERSHIP,
Appellant,
*v.*
PROMONTORY LANDFILL LLC AND PROMONTORY POINT
LAND RESOURCES LLC,
Appellees.

Opinion
No. 20160655-CA
Filed June 1, 2018

First District Court, Brigham City Department
The Honorable Brandon J. Maynard
No. 160100006

R. Stephen Marshall and Jason R. Hull, Attorneys
for Appellant

Jason D. Boren and David P. Mooers-Putzer,
Attorneys for Appellees

JUDGE DIANA HAGEN authored this Opinion, in which
JUDGES JILL M. POHLMAN and RYAN M. HARRIS concurred.

HAGEN, Judge:

¶1     In 2001, Promontory Point Land Resources LLC (PPLR) was formed to develop a landfill in Box Elder County, Utah. As part of this venture, Young Resources Limited Partnership agreed to contribute real property to PPLR to serve as the site of the landfill, subject to certain restrictions. When the property was conveyed to PPLR, however, the warranty deed failed to reflect those restrictions. PPLR then sold the unencumbered property to Promontory Landfill LLC in 2004. Nearly twelve years later, Young Resources brought this lawsuit, which the district court dismissed as barred by the statute of limitations and the merger doctrine. Because we agree with the district court

that Young Resources' claims are barred by the statute of limitations, we affirm on that basis without reaching the alternative ground for dismissal.

BACKGROUND

¶2     Young Resources, Samuel N. Chournos, and Kerry Zundel formed PPLR for the purpose of developing a landfill in Box Elder County, Utah. They agreed that Zundel would act as manager and provide the necessary capital, and that Chournos and Young Resources would contribute real property that they separately owned to serve as the site of the landfill (the Landfill Area). Under PPLR's Operating Agreement, Zundel did not have authority to "[e]ncumber or do anything affecting the use of Company Property without prior consent of all Members."

¶3     Before conveying the real property to PPLR, Young Resources and Chournos entered into an Amended Operating Agreement with Zundel. Young Resources and Chournos agreed to contribute equal property acreage to PPLR for the Landfill Area, reserving the "appurtenant water or mineral rights." In addition, the Amended Operating Agreement provided that Young Resources and Chournos would retain a reversionary interest in the property, which entitled them to the return of their property if the Landfill Area had not been developed within five years.

¶4     To facilitate the transfer of Young Resources' property to PPLR, Zundel provided Young Resources with a warranty deed (the First Warranty Deed). Contrary to the terms of the Amended Operating Agreement, the First Warranty Deed purported to transfer all of Young Resources' interest in the property without any reservations or conditions. Young Resources executed the First Warranty Deed, and Zundel recorded it in April 2003.

¶5      In 2004, PPLR transferred the Landfill Area to Promontory Landfill, another company managed by Zundel. According to Young Resources, Zundel made this transfer "without notice to [PPLR's] members and without receiving authority from all members." Like the First Warranty Deed, the deed transferring the Landfill Area to Promontory Landfill (the Second Warranty Deed) did not contain a right of reverter or the reservation of water and mineral rights. The Second Warranty Deed was recorded in April 2004.

¶6      In 2016, Young Resources sued Promontory Landfill and PPLR (collectively, Defendants), alleging that Zundel lacked authority to transfer the property and that any transfer was subject to the conditions contained in the Amended Operating Agreement. The Claims 1, 2, 3, and 7 are at issue in this appeal. In Claim 1, Young Resources seeks a declaratory judgment derivatively on behalf of PPLR[1] quieting title against Promontory Landfill on the ground that "Zundel did not have authority to convey the Young Resources Property to Promontory Landfill without the consent of Young Resources." If the court grants relief on Claim1, Claim 2 seeks a judgment against PPLR that Young Resources is entitled to the return of the property not developed within five years, as provided by the Amended Operating Agreement. In the alternative, Claim 3 seeks a declaratory judgment that Promontory Landfill is not a bona fide purchaser but took the property from PPLR subject to the right of reverter in the Amended Operating Agreement. Claim 7, also in the alternative, seeks a declaratory judgment that PPLR's rights and duties with respect to the Landfill Area were nonassignable and could not be transferred to Promontory Landfill.

---

1. For purposes of the motion to dismiss, Defendants have not challenged Young Resources' right to bring a derivative action on behalf of PPLR.

¶7      In response to these claims, Defendants moved to dismiss the complaint or, in the alternative, for summary judgment.[2] The district court granted the motion to dismiss, ruling that the claims were barred by both the merger doctrine and the statute of limitations.

ISSUE AND STANDARD OF REVIEW

¶8      On appeal, Young Resources challenges the dismissal of Claims 1, 2, 3, and 7 based on the statute of limitations.[3] "A Rule 12(b)(6) motion to dismiss admits the facts alleged in the complaint but challenges the plaintiff's right to relief based on those facts." *Oakwood Village LLC v. Albertsons, Inc.*, 2004 UT 101, ¶ 8, 104 P.3d 1226 (quotation simplified). "Under a rule 12(b)(6) dismissal, our inquiry is concerned solely with the sufficiency of the pleadings, and not the underlying merits of the case." *Id.* (quotation simplified). "In reviewing the trial court's decision, we accept the factual allegations in the complaint as true and interpret those facts and all inferences drawn from them in the light most favorable to the plaintiff as the non-moving party." *Id.* ¶ 9.

¶9      The grant of a motion to dismiss pursuant to rule 12(b)(6) presents a question of law that this court reviews for correctness.

---

2. Because the motion could be resolved without considering matters outside the pleadings, the district court deemed it unnecessary to convert the motion to one of summary judgment under rule 12(b) of the Utah Rules of Civil Procedure.

3. Young Resources also contends that the district court erred in ruling that the merger doctrine barred these claims and that the collateral acts exception did not apply. Because we affirm the district court's ruling based on the statute of limitations ground, we need not reach the merger issue.

*See Lilley v. JP Morgan Chase*, 2013 UT App 285, ¶ 4, 317 P.3d 470. Similarly, the "determination that a statute of limitations has expired is also a question of law which we review for correctness, giving no particular deference to the lower court's determination." *Hansen v. Department of Fin. Insts.*, 858 P.2d 184, 186 (Utah Ct. App. 1993).

ANALYSIS

¶10   A plaintiff must file a complaint before the statute of limitations expires or its claim will be barred. *See Russell Packard Dev., Inc. v. Carson*, 2005 UT 14, ¶ 20, 108 P.3d 741. While there are several different statutes of limitations that could arguably apply to Young Resources' claims, the longest would be the seven-year statute of limitations for actions founded upon title to real estate.[4] When Young Resources brought this action in 2016, nearly twelve years had elapsed since PPLR conveyed the property to Promontory Landfill, and nearly thirteen years had elapsed since Young Resources signed the First Warranty Deed that failed to reflect the intended restrictions. Thus, Young

---

4. As the district court noted,

> Utah Code has provided several statute of limitations, which could apply in the case at hand: a seven-year limitation for actions founded upon real estate; a six-year limitation for actions based upon contract, obligation, or liability founded upon a writing; a four-year limitation for claims not subject to a specific statute of limitations; and a three-year limitation for claims of fraud, mistake, or attempts to reform a contract or a deed. Utah Code §§ 78B-2-207, 78B-2-309, 78B-2-307, and 78B-2-305.

Resources' claims would appear to be time-barred even under the most generous statute of limitations.

¶11 Young Resources presents two arguments for holding otherwise. First, Young Resources argues that no statute of limitations applies to Claims 1 and 2 because they are "true quiet title" claims. Second, Young Resources argues that the statute of limitations on Claims 3 and 7 did not begin to run until the date its declaratory judgment claims "became ripe," and that date cannot be determined from the pleadings. We examine each of these arguments in turn.

## I. Claims 1 and 2

¶12 Young Resources challenges the dismissal of its first two claims, arguing that no statute of limitations applies to Claim 1 because it seeks only to quiet title in PPLR, and the specific performance sought in Claim 2 is dependent on prevailing on Claim 1. When "the action is purely one to remove a cloud or to quiet the title to real property, the statute of limitations has no application." *Bangerter v. Petty*, 2009 UT 67, ¶ 12, 225 P.3d 874 (quotation simplified). But this exception applies only when a "true quiet title action" is brought. *In re Hoopiiaina Trust*, 2006 UT 53, ¶ 26, 144 P.3d 1129. Accordingly, the court must determine "whether a claim is a true quiet title action or whether the claimant really seeks other relief." *Id.* "If the party's claim for quiet title relief can be granted only if the party succeeds on another claim, then the statute of limitations applicable to the other claim will also apply to the quiet title claim." *Id.* ¶ 27. Courts must be cautious in applying this rule because "parties should not be able to avoid the statute of limitations on other claims by simply disguising them as claims for quiet title relief." *Id.* ¶ 26.

¶13 To bring a true quiet title action exempt from the limitations period, a plaintiff must already hold title or be in actual possession of the property under a claim of ownership.

*See id.* ¶ 27; *see also Bangerter*, 2009 UT 67, ¶ 14. As our supreme court explained in *Hoopiiaina*, "a true quiet title action is a suit brought to quiet an *existing* title against an adverse or hostile claim of another, and the effect of a decree quieting title is not to *vest* title but rather is to *perfect* an existing title as against other claimants." 2006 UT 53, ¶ 26 (quotation simplified); *see also Department of Social Services v. Santiago*, 590 P.2d 335, 337 (Utah 1979) ("[A] quiet title action, as its name connotes, is one to quiet an *existing* title against an adverse or hostile claim of another."). In other words, a party asserts a true quiet title claim when "that party merely requests that the court adjudicate the validity of an opponent's adverse or hostile claim to property to which the party [either] already holds title," *Hoopiiaina*, 2006 UT 53, ¶ 27, or is in "actual possession . . . under a claim of ownership," *Bangerter*, 2009 UT 67, ¶ 14.[5]

¶14    Claims 1 and 2 cannot be characterized as true quiet title actions, because PPLR does not claim to hold title to the Landfill Area, nor is it in actual possession. Granting the relief sought would not quiet the *existing* title held by Promontory Landfill against adverse claims. Instead, Young Resources seeks to void the transfer to Promontory Landfill in order to *vest* title in PPLR. *See Hoopiiaina*, 2006 UT 53, ¶ 26. PPLR has no colorable claim to title or ownership of the property without first establishing that Zundel lacked authority to transfer the property to Promontory

---

5. Defendants argue that *Bangerter v. Petty*, 2009 UT 67, 225 P.3d 874, effectively overruled *In re Hoopiiaina Trust*, 2006 UT 53, 144 P.3d 1129, and requires a plaintiff to be in actual possession of the property subject to the quiet title action to avoid the statute of limitations. We do not read *Bangerter* as supplanting the rule in *Hoopiiaina* but as expanding it to apply to quiet title actions where the plaintiff is in actual possession of the property, even if the plaintiff does not hold title.

Landfill. Consequently, Young Resources is seeking affirmative relief, not the removal of a cloud on existing title.

¶15 Relying on the Utah Supreme Court's decision in *Hoopiiaina*, Young Resources nonetheless argues that "a quiet title claim that involves only a question of authority to make a transfer of property is a 'true quiet title action' that has no statute of limitations." (Quoting *id.* ¶ 26.) In *Hoopiiaina*, the property at issue had been conveyed to two irrevocable trusts to which the plaintiffs were beneficiaries. *Id.* ¶¶ 3–4. Many years later, the grantor drafted a holographic will in which he purported to bequeath the same property to the defendants. *Id.* ¶ 7. The plaintiffs sued to quiet title in the property. *Id.* ¶ 13. In its ruling, the Utah Supreme Court explained that because the property was placed in an irrevocable trust, the plaintiffs were immediately vested with equitable title in the property. *Id.* ¶ 31. And because the grantor could not bequeath something he did not own, the defendants held nothing more than an adverse claim to the property. *Id.* ¶ 33. As a result, the plaintiffs' quiet title claim was "simply an action to remove an adverse claim to real property to which plaintiffs already [held] equitable title—in other words, a true quiet title action." *Id.* ¶ 32.

¶16 *Hoopiiaina* hinged not on whether the transfer to the defendants was authorized but on who held title to the property. After placing the property in an irrevocable trust, the grantor no longer owned the property. *Id.* ¶¶ 32–33. Our supreme court characterized the deed defendants recorded as no more than a "wild deed," *id.* ¶ 32, that is, a deed "executed by a grantor who does not have record ownership of the property," *Pioneer Builders Co. of Nev. v. K D A Corp.*, 2012 UT 74, ¶ 51, 292 P.3d 672. Because the grantor in *Hoopiiaina* no longer owned the property, he had no ability to transfer it to anyone under any circumstances.

¶17 Here, there is no question that PPLR owned the Landfill Area at the time of the transfer to Promontory Landfill and that

PPLR had the ability to transfer the property through its manager, Zundel. Thus, unlike the deed in *Hoopiiaina*, the Second Warranty Deed conveying the property to Promontory Landfill was not a "wild deed" executed by a grantor who lacked ownership of the property. *See* 2006 UT 53, ¶ 32; *see also Pioneer Builders Co.*, 2012 UT 74, ¶ 51. Instead, Young Resources' claim is that this *particular* transfer on behalf of PPLR was unauthorized because Zundel failed to get Young Resources' approval and "had no authority to '[e]ncumber or do anything affecting the use of Company Property without the prior consent of all Members.'" Unlike the plaintiffs in *Hoopiiaina*, who held equitable title to the property as beneficiaries of the trust, PPLR has no claim to any kind of title—equitable or otherwise—unless Young Resources prevails on its affirmative claim that the transfer should be declared null and void because Zundel exceeded his authority.

¶18   This case is therefore more akin to *Davidsen v. Salt Lake City*, 81 P.2d 374 (Utah 1938), where the plaintiff deeded property to the city but brought a quiet title action to set aside the deed based on fraud. *See id.* at 374. The supreme court determined that the plaintiff was not in possession of the property and had no claim to title "unless his right to have the deed cancelled [was] established." *Id.* at 376. The court recognized that "actions by which nothing is sought except to remove a cloud from or to quiet the title to real property as against apparent or stale claims are not barred by the statute of limitations," but the limitations period "does apply to actions in which the principal purpose is to obtain some affirmative relief." *Id.* By asking that the deed he executed to defendants be cancelled for fraud, the plaintiff was asking "for affirmative relief other than removal of a cloud on his title." *Id.* Because the plaintiff's right to relief depended on establishing his fraud claim, the plaintiff was required to "bring his action within the period provided by law for an action based upon that ground." *Id.* at 377.

¶19 Similarly, neither Young Resources nor PPLR are in possession of the property, and they do not have any colorable claim to title without first establishing that Zundel lacked authority to effectuate the particular transaction in question. As in *Davidsen*, Young Resources does not seek removal of a cloud on PPLR's existing title but affirmative relief declaring that Zundel acted without corporate authority on this one occasion, and that the Second Warranty Deed is therefore null and void. Because Young Resources, on behalf of PPLR, has no claim to title unless it succeeds on another claim, the statute of limitations applicable to that other claim applies. Under even the most generous statute of limitations, Claims 1 and 2 are untimely and were properly dismissed.

## II. Claims 3 and 7

¶20 Young Resources argues that the district court erred in dismissing Claims 3 and 7 as barred by the statute of limitations because the date those claims accrued was not evident from the face of the complaint. "As a general rule, a statute of limitations begins to run upon the happening of the last event necessary to complete the cause of action." *Russell Packard Dev., Inc. v. Carson*, 2005 UT 14, ¶ 20, 108 P.3d 741 (quotation simplified). In other words, "a cause of action accrues when a plaintiff could have first filed and prosecuted an action to successful completion." *DOIT, Inc. v. Touche, Ross & Co.*, 926 P.2d 835, 843 (Utah 1996).

¶21 "In a declaratory action such as this one, a party seeking a declaration of rights must show the existence of (1) a justiciable controversy, (2) parties whose interests are adverse, (3) a legally protectible interest residing with the party seeking relief, and (4) issues ripe for determination." *Board of Trustees of Washington County Water Conservancy Dist. v. Keystone Conversions, LLC*, 2004 UT 84, ¶ 32, 103 P.3d 686 (quotation simplified). Issues are ripe for determination when the conflict has "sharpened into an actual or imminent clash of legal rights and obligations between

the parties," as opposed to a mere difference of opinion regarding the hypothetical "situation in which the parties might, at some future time, find themselves." *Id.* (quotation simplified).

¶22 Young Resources argues that its declaratory judgment claims did not become ripe until "Young Resources learned that PPLR and Promontory Landfill were taking the position that the [Second] Warranty Deed had conveyed water and mineral rights and that there was no obligation to return the Young Resources Property to Young Resources if the landfill development had not commenced within five years." Because the complaint did not allege the date it learned these facts, Young Resources argues that the court could not determine, on a motion to dismiss, that the statute of limitations had run.

¶23 We disagree with Young Resources' characterization of when Claims 3 and 7 became ripe. Claim 3 seeks a declaratory judgment that Promontory Landfill was not a bona fide purchaser under Utah Code section 57-3-103(1) and is therefore subject to the right of reverter anticipated by the Amended Operating Agreement.[6] The last event necessary to complete this cause of action was deeding the Landfill Area from PPLR to Promontory Landfill without including the right of reverter. At that point, the issue of whether Young Resources' unrecorded rights were extinguished by the sale to a bona fide purchaser was ripe for adjudication. Contrary to Young Resources' argument, the controversy was not merely theoretical until PPLR and Promontory Landfill took the position that its rights had

---

6. While the complaint also alleged that Promontory Landfill took the property subject to Young Resources' reservation of water and mineral rights, "Young Resources has not pursued an appeal with respect to the lower court's ruling that the covenant relating to water and mineral rights is barred by the merger doctrine."

been extinguished. "An accrued state of facts as opposed to a hypothetical state of facts" arose when the Second Warranty Deed, by its very terms, did not reflect a right of reverter. *Alternative Options & Services for Children v. Chapman*, 2004 UT App 488, ¶ 24, 106 P.3d 744 (quotation simplified). Once PPLR conveyed the property to Promontory Landfill without that condition, an actual clash of the parties' legal rights existed that could be resolved by a declaratory judgment.

¶24 Similarly, Claim 7 seeks a declaratory judgment that PPLR's rights and duties with respect to the development of the landfill were not assignable and therefore the "transfer and conveyance of those rights to Promontory Landfill is null and void." Young Resources could have brought and prosecuted this claim as soon as the allegedly null and void transfer occurred. Because the sale of the property from PPLR to Promontory Landfill created a justiciable controversy with issues ripe for determination, this claim accrued and the statute of limitations began to run in 2004.

¶25 The district court properly disposed of this motion under rule 12(b)(6). "[W]hen a complaint includes all information, including salient dates, demonstrating that the action is time-based, the statute of limitations may be raised in a motion to dismiss." *In re S.O.*, 2005 UT App 393, ¶ 8, 122 P.3d 686 (per curiam). If the court considers matters outside the pleadings to determine whether the claim is time-barred, the motion to dismiss must be treated as a motion for summary judgment, giving all parties a reasonable opportunity to present evidence. *See* Utah R. Civ. P. 12(b) ("If . . . matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56."). But a document that is "referred to in the complaint and is central to the plaintiff's claim" is not considered to be a matter outside the pleadings. *Oakwood Village LLC v. Albertsons, Inc.*, 2004 UT 101, ¶ 13, 104 P.3d 1226

(quotation simplified). If a defendant submits an "indisputably authentic copy" of such a document, the court may consider it without converting the rule 12(b)(6) motion into a motion for summary judgment. *Id.* (quotation simplified).

¶26 In this case, the district court was not required to look beyond the pleadings to determine when Young Resources' causes of action accrued. The complaint alleged that PPLR purportedly transferred the property to Promontory Landfill in 2004, "without the reservation of mineral and water rights and the right to withdraw" Young Resources' property if the landfill was not developed within five years. Defendants submitted an indisputably authentic copy of the Second Warranty Deed to the court, showing that it was recorded on April 8, 2004. Under Utah law, Young Resources had constructive notice of this conveyance and its deficiencies when the deed was recorded. *See Helfrich v. Adams*, 2013 UT App 37, ¶ 10, 299 P.3d 2 (stating that "documents completed in accordance [with statute], 'from the time of recording with the appropriate county recorder, impart notice to all persons of their contents'" (quoting Utah Code Ann. § 57-3-102(1) (LexisNexis 2010)). Where, as here, Young Resources does not argue that there was any concealment on the part of the defendant, such "inquiry notice on the part of the plaintiff is enough to trigger the running of the limitations period." *Russell/Packard Dev., Inc. v. Carson*, 2003 UT App 316, ¶ 14, 78 P.3d 616, *aff'd* 2015 UT 14, 108 P.3d 741.

¶27 Moreover, Young Resources never claimed that it did not discover until a later date that the Landfill Area had been conveyed to Promontory Landfill without the right of reverter. Our supreme court has recognized "two narrow settings in which a statute of limitations may be tolled until the discovery of facts forming the basis for the cause of action." *Russell Packard*, 2005 UT 14, ¶ 21 (quotation simplified). "The first setting involves application of a statutory discovery rule, when the relevant statute of limitations, by its own terms, mandates tolling

of the limitations period until the factual basis for the claim has been discovered." *Stephenson v. Elison*, 2017 UT App 149, ¶ 27, 405 P.3d 733. In the second setting, the equitable discovery rule may operate to toll an otherwise fixed statute of limitations if a plaintiff does not discover the cause of action due to the defendant's concealment or misleading conduct or due to other exceptional circumstances that would make the application of the limitations period unjust. *See Russell Packard*, 2005 UT 14, ¶ 25. Either the statutory discovery rule or the equitable discovery rule could conceivably apply in this case. *See* Utah Code Ann. § 78B-2-305(3) (LexisNexis 2012) (providing that the three-year statute of limitations in cases of fraud or mistake does not begin to run "until the discovery by the aggrieved party of the facts constituting the fraud or mistake"). "Yet before a statute of limitations may be tolled under either situation, the plaintiff must make an initial showing that he did not know nor should have reasonably known the facts underlying the cause of action in time to reasonably comply with the limitations period." *Berneau v. Martino*, 2009 UT 87, ¶ 23, 223 P.3d 1128.

¶28 During the proceedings below, Young Resources never claimed that the statute of limitations had been tolled because it neither knew nor should have known of the alleged mistake in the Second Warranty Deed until a later date. Young Resources argued only that the causes of action had not accrued because the declaratory judgment claims were not "ripe." Specifically, Young Resources argued that the court could not determine when the claims became ripe without extrinsic evidence of "when the dispute arose," meaning when the parties "first beg[a]n arguing over whether or not water rights or mineral rights should have been included in the deed as required by the amended operating agreement."

¶29 Even though Young Resources never invoked the discovery rule, the district court addressed the doctrine in its order granting the motion to dismiss. The district court

explained that "Plaintiffs can rebut the presumption that they had immediate knowledge of the mistakes contained in the [Second] Warranty Deed," but "have offered nothing to the contrary." The court noted that "Plaintiffs have offered no evidence as to when they discovered the mistake contained therein" and concluded that "the Plaintiffs knew of the mistake when the Warranty Deed was executed."[7]

¶30    On appeal, Young Resources argues that "it was improper for the court to grant the motion [to dismiss] on the ground that Young Resources failed to introduce evidence regarding when it learned of the mistake." However, Young Resources fails to develop this argument with any citation to authority or meaningful analysis. *See* Utah R. App. P. 24(a)(8). While Young Resources asserts that it had no burden to come forward with evidence in response to a rule 12(b)(6) motion to dismiss, it does not address what burden a plaintiff does have once a defendant moves to dismiss claims as untimely.

¶31    As a general matter, "a complaint need not anticipate any of a variety of affirmative defenses, including the statute of limitations, which a defendant must elect to raise." *Pierucci v. Pierucci*, 2014 UT App 163, ¶ 16, 331 P.3d 7. But when the face of the complaint would otherwise establish that the claims are time-barred, a plaintiff presumably bears some burden to invoke the discovery rule. *See, e.g.*, *Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980) ("[W]hen the dates given in the complaint make clear that the right sued upon has been extinguished, the plaintiff has the burden of establishing a factual basis for tolling the statute."). If a plaintiff had no such

---

7. Presumably, the district court was referring not to actual knowledge, which would be a factual question beyond the scope of a rule 12(b)(6) motion, but to constructive notice as a matter of law pursuant to Utah Code section 57-3-102(1).

burden, "a statute of limitations defense that is subject to the discovery rule could never be successfully asserted in a motion to dismiss, and that is clearly not the rule." *Butler v. Deutsche Morgan Grenfell, Inc.*, 2006-NMCA-084, ¶ 33, 140 P.3d 532. Our supreme court has specifically held that a statute of limitations defense based on the face of the complaint can be raised in a motion to dismiss under rule 12(b)(6). *See Tucker v. State Farm Mutual Auto. Ins. Co.*, 2002 UT 54, ¶ 8, 53 P.3d 947.

¶32   We have previously held that a "general statement" in the complaint that the plaintiff did not discover the cause of action until a date within the period of limitations would be "sufficient to get him past a motion to dismiss." *Pierucci*, 2014 UT App 163, ¶ 16 (quotation simplified). But we have not considered what a plaintiff must do to survive a motion to dismiss if the complaint contains no such "general statement." Case law from other jurisdictions suggests that the scope of a plaintiff's burden in such situations is somewhat of an open question. *See, e.g., American Mech. Solutions., LLC v. Northland Process Piping, Inc.*, 184 F. Supp. 3d 1030, 1049 (D.N.M. 2016) (noting that the Tenth Circuit has not resolved whether the assertion of a tolling doctrine such as the discovery rule "must be pled with supporting facts in the complaint or may be merely argued in response to the motion"); *Fox v. Ethicon Endo-Surgery, Inc.*, 110 P.3d 914, 920–21 (Cal. 2005) (noting that a plaintiff must specifically plead facts invoking the statutory discovery rule, but would be entitled to amend her complaint once the defendant raised statute of limitations defense); *Butler*, 2006-NMCA-084, ¶ 28 (noting that if not alleged in the complaint, a plaintiff must "respond to the motion to dismiss with, factual allegations that, if proved, would support application of the discovery rule").

¶33   Given the lack of adequate briefing on this question, we do not decide what a plaintiff seeking the benefit of the discovery rule must do to defeat a motion to dismiss based on the statute of limitations. And, considering the record in this

case, it is unnecessary to resolve that issue here. Once Defendants raised the statute of limitations defense in the motion to dismiss, Young Resources did not invoke the discovery rule in any way. Young Resources did not seek to amend its complaint, did not respond to the motion to dismiss with factual allegations that would support application of the discovery rule, did not move to convert the motion to one for summary judgment so that it could present evidence regarding the timing of its discovery, and—most tellingly—did not even argue that the discovery rule applied. By any standard, Young Resources' failure to so much as mention the discovery rule is surely insufficient to survive a motion to dismiss where the complaint otherwise establishes that the limitations period has expired.

¶34 Because it was plain from the face of the complaint that the statute of limitations began to run no later than the transfer of the property to Promontory Landfill in 2004, these claims were long since time-barred when Young Resources sued in 2016. Consequently, the district court properly granted Defendants' motion to dismiss Claims 3 and 7.

CONCLUSION

¶35 The district court did not err in ruling that Claims 1, 2, 3, and 7 were barred by the statute of limitations. Accordingly, we affirm the district court's order.

————————