2009 UT 67

Sonya Capri BANGERTER, Plaintiff and Petitioner,

v.

Ralph PETTY, an individual; Jarmaccc Properties, LLC, a Utah limited liability company; Jarmaccc, Inc., a Utah corporation; and John Does 1 through 10, individuals and entities whose true names are unknown, and who may claim some right, title, estate, lien, or interest in real property owned by plaintiff, Defendants and Respondents.

No. 20080562.

Supreme Court of Utah.

Oct. 20, 2009.

James C. Haskins, Ryan M. James, Salt Lake City, for petitioner.

Ralph C. Petty, Salt Lake City, for respondents.

## INTRODUCTION

PARRISH, Justice:

¶ 1 We granted certiorari in this case to determine whether the court of appeals erred

in concluding that Jarmaccc Properties, LLC (Jarmaccc) did not waive its statute of limitations defense. Because we hold that the statute of limitations does not bar an individual, in actual possession of real property under a claim of ownership, from asserting a quiet title action, we need not address whether Jarmaccc waived its statute of limitations defense. We therefore remand this case to the court of appeals to consider whether the district court erred in deciding Jarmaccc's remaining claims.

## FACTS AND PROCEDURAL HISTORY

¶ 2 Sonya Capri Bangerter has continuously occupied the real property (the Property) disputed in this case since she purchased it in April 1994. She has paid all the real estate taxes on the Property from 1994 to the present,[1] and she is the only individual or entity that has made mortgage payments on the Property.

¶ 3 In April 1995, a judgment was entered against Bangerter in the amount of $307.46 for failure to pay for dental services,[2] which ultimately resulted in a writ of execution that commanded the sheriff "to collect the judgment, with costs, interest, and fees, and to sell enough of defendant's non-exempt real property to satisfy the same." A deputy sheriff filed a notice of real estate levy against the Property and it was subsequently sold in March 1996 at a public auction for $1,550.00 to North American Recovery Services (N.A.R.), a collection agency. Bangerter failed to redeem the property within six months, and as a result N.A.R. was given a sheriff's deed to the Property in September 1996. More than a year later, an amended real estate certificate of sale execution was filed to correct an error in the legal description of the property that was present in the original notice of real estate levy and certificate of sale execution. N.A.R. subsequently filed a quitclaim deed to the Property in favor of Jarmaccc.

¶ 4 Bangerter alleges she never received any notice that the Property would be sold at a public auction to satisfy the judgment for the unpaid dental services. Indeed, Bangerter asserts that she was unaware that Jarmaccc or anyone else claimed an adverse interest in the Property until March 1998. Even then, Bangerter claims that she was ignorant of Jarmaccc's adverse claim of actual title. Rather, she believed that Jarmaccc held only a lien on the Property.

¶ 5 In March 1998, Bangerter filed for Chapter 13 bankruptcy. Shortly after Bangerter filed, Jarmaccc served Bangerter with the first and only Notice to Quit the Property. However, Jarmaccc did not pursue the Notice to Quit,[3] nor did it file a motion seeking relief from the automatic stay provisions of the bankruptcy code. After Bangerter's first bankruptcy was dismissed, Bangerter filed for bankruptcy a second time.[4] In Bangerter's second bankruptcy action, she listed Jarmaccc as a secured creditor with a lien on the Property for $1,200.00. Bangerter's bankruptcy plan provided that "[a]ny lien or other claim against the title of debtor's real property securing the claim of Jarmaccc Properties shall be extinguished and released by payment through the Plan." Jarmaccc received a copy of Bangerter's bankruptcy plan and failed to lodge any objections. Bangerter then paid Jarmaccc the full amount set out in the bankruptcy plan.[5] In August 2003, after Jarmaccc had received full payment under the terms of the bank-

1.  Jarmaccc attempted to pay the real estate taxes on the Property for 2001, but its payment was rejected and refunded; Bangerter's payment was accepted.

2.  The original amount of Bangerter's unpaid dental bill was $67.52.

3.  Jarmaccc argues that it did not pursue the Notice to Quit because of the automatic stay provisions of the bankruptcy code. However, Jarmaccc could have filed for relief from the automatic stay provisions during the pending bankruptcy proceeding but chose not to do so.

4.  Indeed, Jarmaccc did not file a motion seeking relief from the automatic stay provisions during either of Bangerter's bankruptcy proceedings.

5.  Jarmaccc did not attempt to reject the funds it received from Bangerter's second bankruptcy proceeding at the time the funds were paid and made no attempt to tender those funds back to Bangerter until exactly one week before it filed its brief before the court of appeals.

ruptcy plan, the bankruptcy court dismissed Bangerter's second bankruptcy petition.

¶ 6 In January 2004, Bangerter filed this action against Jarmaccc seeking to quiet title to the Property. Bangerter argued that title to the Property should be quieted in her because the sheriff's deed was void and Jarmaccc was equitably estopped from claiming any title to the property where it failed to object to Bangerter's second bankruptcy plan that listed Jarmaccc as a secured creditor and where Bangerter had paid Jarmaccc the full amount set out in that plan. In its answer, Jarmaccc asserted that the statute of limitations barred Bangerter's quiet title action, that Jarmaccc held title to the Property, and that the bankruptcy proceeding could not convey title back to Bangerter.

¶ 7 After both parties filed cross motions for summary judgment, the district court quieted title in Bangerter holding that (1) the original sale of the Property failed to convey any title because the deed contained an incorrect legal description, (2) Jarmaccc failed to object to the bankruptcy plan, and (3) Bangerter would be injured if Jarmaccc was "allowed to contradict its actions in accepting the payments made pursuant to the Chapter 13 plan." The district court also rejected Jarmaccc's statute of limitations arguments.

¶ 8 On appeal, the court of appeals reversed the district court and held that Jarmaccc did not waive its statute of limitations defense and that, pursuant to *Nolan v. Hoopiiaina (In re Hoopiiaina Trust)*, 2006 UT 53, 144 P.3d 1129, the statute of limitations bars Bangerter's quiet title action against Jarmaccc. *Bangerter v. Petty*, 2008 UT App 153, ¶¶ 15–24, 184 P.3d 1249. Because the court of appeals held that Bangerter's quiet title action was barred by the statute of limitations, it did not consider whether the district court erred in its determination that Jarmaccc's deed was defective because of an incorrect legal description or whether Jar-

maccc was equitably estopped from claiming title to the Property.

¶ 9 Bangerter petitioned for certiorari, which we granted. We have jurisdiction in this case pursuant to Utah Code section 78A–3–102(3)(a) (2008).

## STANDARD OF REVIEW

¶ 10 "On certiorari review, we review the decision of the court of appeals, not the decision of the district court." *Nolan v. Hoopiiaina (In re Hoopiiaina Trust)*, 2006 UT 53, ¶ 19, 144 P.3d 1129. We review "the court of appeals' decision for correctness, with particular attention to whether [it] reviewed the [district] court's decision under the correct standard." *State v. Worwood*, 2007 UT 47, ¶ 11, 164 P.3d 397. Summary judgment is appropriate where "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Utah R. Civ. P. 56(c).

"Therefore, when an appellate court reviews a district court's grant of summary judgment, the facts and all reasonable inferences drawn therefrom [are viewed] in the light most favorable to the nonmoving party, while the district court's legal conclusions and ultimate grant or denial of summary judgment are reviewed for correctness." *Massey v. Griffiths*, 2007 UT 10, ¶ 8, 152 P.3d 312 (alteration in original) (internal citation and quotation marks omitted).

## ANALYSIS

¶ 11 We granted certiorari in this case to determine whether the court of appeals erred in holding that Jarmaccc did not waive its statute of limitations defense when it failed to identify the limitations statute it relied upon in its original Answer to Bangerter's complaint.[6] Because we hold that the statute of limitations does not apply to quiet title actions where the claimant is in

---

6. Jarmaccc's Answer to Bangerter's complaint alleges that her claim was barred under the statute of limitations. Rule 9(h) of the Utah Rules of Civil Procedure states as follows:

In pleading the statute of limitations it is not necessary to state the facts showing the defense but it may be alleged generally that the

cause of action is barred by the provisions of the statute relied on, *referring to or describing such statute specifically and definitely by section number, subsection designation, if any, or otherwise designating the provision relied upon sufficiently clearly to identify it.*

Utah R. Civ. P. 9(h) (emphasis added).

actual possession of the property in question under a claim of ownership, we need not address whether the court of appeals erred in holding that Jarmaccc did not waive its statute of limitations defense.[7]

## I. A STATUTE OF LIMITATION NEVER BARS A PARTY FROM BRINGING A QUIET TITLE ACTION WHEN THAT PARTY IS IN ACTUAL POSSESSION OF THE REAL PROPERTY AT ISSUE UNDER A CLAIM OF OWNERSHIP

■ ¶ 12 In *Branting v. Salt Lake City*, we established the general rule that where "the action is purely one to remove a cloud or to quiet the title [to real property], the statute of limitations has no application." 47 Utah 296, 153 P. 995, 1001 (1915). However, in *Branting* we also held that "all actions in which the principal purpose is to obtain some affirmative relief . . . clearly come within the [statute of limitations]." *Id.* More recently, in *Nolan v. Hoopiiaina (In re Hoopiiaina Trust)*, we attempted to "clarify the rule regarding the application of the statute of limitations to a quiet title action." 2006 UT 53, ¶ 21, 144 P.3d 1129. In that case, we held that "a court must examine the relief sought in order to determine whether the statute of limitations applies." *Id.* ¶ 27. If the action is a true quiet title action, meaning an action merely to "quiet an *existing* title against an adverse or hostile claim of another," then the statute of limitations will not bar the claim. *Id.* ¶ 26 (internal quotation marks omitted) (emphasis in original). However, "[i]f the party's claim for quiet title relief can be granted only if the party succeeds on another claim, then the statute of limitations applicable to the other claim will also apply to the quiet title claim." *Id.* ¶ 27.

¶ 13 Relying on our analysis in *In re Hoopiiaina Trust*, Jarmaccc argues that Bangerter's claim is not a true quiet title action because Bangerter must first succeed on her claim to void the sheriff's deed before she can have title quieted in her, and therefore the statute of limitations bars Bangerter's claim to the Property. Bangerter, on the other hand, argues that *In re Hoopiiaina Trust* is distinguishable from this case on the basis that it did not involve a quiet title action where the claimant was in actual possession of the property. Bangerter cites the court of appeals decision in *Conder v. Hunt* for the proposition that "those in actual possession of real estate are never barred by any statute of limitation from seeking to quiet their title." 2000 UT App 105, ¶ 17, 1 P.3d 558.

¶ 14 The court of appeals attempted to reconcile *In re Hoopiiaina Trust* with *Conder* by reasoning that the two cases were not in conflict but that both rules must be satisfied to avoid the statute of limitations. It reasoned that "[a] person in possession who seeks to quiet their *own* title is not barred by any statute of limitations." *Bangerter v. Petty*, 2008 UT App 153, ¶ 23, 184 P.3d 1249. The court of appeals then held that "Bangerter is not pursuing a 'true' quiet title action because she did not have the title to the Property at the time she was in possession of the Property and brought her lawsuit" and therefore the statute of limitations applied and bared her quiet title action. *Id.* We disagree. *In re Hoopiiaina Trust* does not apply to bar an individual or entity in actual possession of property under a claim of ownership from bringing an action to quiet title. As discussed below, this rule conforms to our prior case law and mirrors the rule adopted by other jurisdictions.[8]

---

**7.** "We note that the scope of our grant of certiorari, while generally binding on the parties for purposes of argument, does not preclude us from treating dispositive issues that become apparent when the advocacy process is complete." *Massey v. Griffiths*, 2007 UT 10, ¶ 9 n. 1, 152 P.3d 312. The applicability of the statute of limitations defense was ruled on by the court of appeals. In the interest of preventing the perpetuation of an incorrect rule, we may correct errors in the court of appeals' opinion on certiorari

even when the parties initially fail to bring the error to our attention.

**8.** *See Clary v. Stack Steel & Supply Co.*, 611 P.2d 80, 83 (Alaska 1980)("Normally no statute of limitations applies to a quiet title action brought by a person in possession of real property. . . ."); *Tench v. Galaxy Appliance & Furniture Sales, Inc.*, 255 Ga.App. 829, 567 S.E.2d 53, 58 (2002)("[T]here exists no statute of limitation for the recovery of an equitable interest in land. . . . 'One who is in possession of property under a

¶ 15 While we have dealt with the applicability of the statute of limitations in prior quiet title actions, this case presents us with the first opportunity to address whether a statute of limitations defense can prevent a claimant in actual possession of the property at issue from bringing a quiet title action.[9] In *Conder*, the court of appeals recognized in dicta that "the general rule is that those in actual possession of real estate are never barred by any statute of limitation from seeking to quiet their title." 2000 UT App 105, ¶ 17, 1 P.3d 558. While no Utah cases have specifically adopted this rule, a number of our cases assume that we adhere to it. For example, in *Rodgers v. Hansen*, we held that claimant's quiet title action was not barred by a limitation statute where claimant's successor "had continuous possession of the property" and claimant filed the action shortly after the successor's death, even though "it was known that there was a dispute as to respective interests in the property" almost twenty years before the quiet title action was filed. 580 P.2d 233, 235 (Utah 1978). Similarly, in *Davidsen v. Salt Lake City*, we found significant the fact that claimant was "not in possession of the land" along with other factors in ultimately concluding that a limitations statute barred claimant's quiet title action. 95 Utah 347, 81 P.2d 374, 376–77 (1938).

■ ¶ 16 Other jurisdictions have explicitly adopted the general rule recognized in *Conder*. For example, in *Viersen v. Boettcher*, the Oklahoma Supreme Court held "that an action to quiet title, where the plaintiff has been in continuous possession of the property, claiming ownership therein, can be maintained at any time, and no statute of limitation bars [the claimant's] right to the relief sought." 387 P.2d 133, 138 (Okla.1963). Similarly, in *Muktarian v. Barmby*, the California Supreme Court held that while "it is ordinarily necessary to refer to the underlying theory of relief to determine which [limitation] statute applies," it was unnecessary in that case because "no statute of limitations runs against a plaintiff seeking to quiet title when he is in possession of the property" and claims ownership thereof. 63 Cal.2d 558, 47 Cal.Rptr. 483, 407 P.2d 659, 661 (1965). The court in *Muktarian* went on to explain the reason for this rule:

> In many instances one in possession would not know of dormant adverse claims of persons not in possession. Moreover, even if … the party in possession knows of such a potential claimant, there is no reason to put him to the expense and inconvenience of litigation until such a claim is pressed against him.

*Id.* (internal citations omitted). More recently, the California Supreme Court affirmed this rule in *Mayer v. L & B Real Estate*, 43 Cal.4th 1231, 78 Cal.Rptr.3d 62, 185 P.3d 43, 46 (2008) ("It long has been the law that whether a statute of limitations bars an action to quiet title may turn on whether the plaintiff is in undisturbed possession of the land."). We agree with the rule followed in other jurisdictions and hold that the statute of limitations does not bar an individual or

claim of ownership will not be guilty of laches for delay in resorting to a court of equity to establish his rights.' ") (quoting *Davis v. Newton*, 215 Ga. 58, 108 S.E.2d 809, 811 (1959)); *Argyle v. Slemaker*, 99 Idaho 544, 585 P.2d 954, 958 (1978)("Statutes of limitation are generally held to be inapplicable in actions brought by a landowner in possession seeking to quiet title…."); *Withroder v. Wiederoder*, 156 Kan. 570, 134 P.2d 381, 385 (1943)("Plaintiff was in possession, consequently he was entitled to bring an action to quiet title at any time his convenience or necessity might require."); *Peterson v. Hopkins*, 210 Mont. 429, 684 P.2d 1061, 1065 (1984)("[T]he right of a plaintiff to have his title to land quieted, as against one who is asserting some adverse claim, is not barred while the plaintiff or his grantors remain in actual possession of the land, claiming to be the owners."); *Ford v. Clendenin*, 215 N.Y. 10, 109 N.E. 124, 126

(1915)("[A]n owner in possession has a right to invoke the aid of a court of equity at any time while he is so the owner and in possession … and such a right is never barred by the Statute of Limitations."). *See also* 65 Am.Jur.2d *Quieting Title and Determination of Adverse Claims* § 51 (2008)("Generally, the right of a plaintiff to have his or her title to land quieted … is not barred while the plaintiff or his or her grantors remain in possession of the land, claiming to be its owners.").

9. Because the claimants in *In re Hoopiiaina* were not in actual possession of the disputed property, our analysis in that case does not address whether one in actual possession is ever barred from bringing a quiet title action. *See In re Hoopiiaina*, 2006 UT 53, ¶ 11, 144 P.3d 1129.

entity from bringing an action to quiet title to real property when that individual or entity is (1) in actual possession of property and (2) under a claim of ownership.

¶ 17 In this case, Bangerter has been in continuous possession of the Property under a claim of ownership from at least 1994 to the present. While Jarmaccc was given a sheriff's deed to the Property in January 1998 and filed a Notice to Quit in May 1998, it failed to pursue the Notice to Quit or any other eviction proceeding, and Bangerter has remained in possession of the Property. Further, Bangerter claims both legal and equitable ownership of the property. Specifically, she alleges that Jarmaccc's deed is void and that Jarmaccc is equitably estopped from asserting any title to the Property based on payments Jarmaccc received during Bangerter's second bankruptcy proceeding. Given these facts, we hold that no statute of limitations bars Bangerter from asserting an action to quiet title in the Property because she is in actual possession of the Property under a claim of ownership. We therefore remand to the court of appeals to review the District Court's ruling that Jarmaccc's sheriff's deed is void and that Jarmaccc is equita-

bly estopped from asserting any title to the Property.

## CONCLUSION

¶ 18 Bangerter has been in continuous possession of the Property under a claim of ownership from 1994 to the present and therefore is not barred by the statute of limitations from asserting an action to quiet title to the Property. Because we hold that no statute of limitations applies in this case, we need not determine whether Jarmaccc waived its statute of limitations defense. We therefore remand to the court of appeals for further proceedings consistent with this opinion.

¶ 19 Chief Justice DURHAM, Associate Chief Justice DURRANT, Justice WILKINS, and Justice NEHRING concur in Justice PARRISH's opinion.