2014 UT App 43

**POWDER RUN AT DEER VALLEY OWNER ASSOCIATION, Plaintiff and Appellant,**

v.

**BLACK DIAMOND LODGE AT DEER VALLEY ASSOCIATION OF UNIT OWNERS and Park City Municipal Corporation, Defendants and Appellees.**

No. 20120611–CA.

Court of Appeals of Utah.

Feb. 21, 2014.

Eric P. Lee, Park City, and Kathleen E. McDonald, Salt Lake City, Attorneys for Appellant.

Laura S. Scott, Elizabeth A. Schulte, Salt Lake City, and Joseph E. Tesch, Park City, Attorneys for Appellee Black Diamond Lodge at Deer Valley Association of Unit Owners.

Mark D. Harrington, Park City, and Polly Samuels McLean, Attorneys for Appellee Park City Municipal Corporation.

Senior Judge RUSSELL W. BENCH authored this Opinion, in which Judges JAMES Z. DAVIS and STEPHEN L. ROTH concurred.[1]

### Opinion

BENCH, Senior Judge:

¶1 This case involves a challenge to the dedication of an easement as a public street in Park City. The easement crosses property owned by Powder Run at Deer Valley Owner Association (Powder Run). Powder Run appeals the district court's ruling that the statute of limitations in Utah Code section 10–9a–801 bars its quiet title action and declaratory judgment claim. *See* Utah Code Ann. § 10–9a–801 (LexisNexis 2012). We affirm.

### BACKGROUND [2]

¶2 In June 2001, Black Diamond Lodge at Deer Valley Association of Unit Owners

---

1. The Honorable Russell W. Bench, Senior Judge, sat by special assignment as authorized by law. *See generally* Utah Code Jud. Admin. R. 11–201(6).

2. In reviewing the district court's grant of summary judgment, we view the facts and all reason-

(Black Diamond) submitted a letter to Park City Municipal Corporation (the City) offering to dedicate as a public street a portion of a seventy-eight-foot-wide easement that crossed Powder Run's property.[3] On the day of the public hearing, Powder Run submitted a letter to the City stating that it was "not going to oppose" the dedication but requesting that the City defer action while Powder Run considered its options. The City Council acknowledged the request for delay at the hearing but proceeded to consider the dedication. The City Council then adopted an ordinance, published June 27, 2001, accepting the limited dedication of a thirty-foot-wide portion of the easement as a public street. Among other things, the ordinance required Black Diamond to pave and maintain the public street.

¶ 3 In the fall of 2001, Black Diamond built a road across the easement and had underground utilities installed within the easement. In late 2002 or early 2003, Black Diamond had a monument sign erected on the easement. Since late 2001, the public has used the road to access the Black Diamond Lodge and another adjoining development.

¶ 4 On September 15, 2010, over nine years after the ordinance became effective, Powder Run filed a complaint against Black Diamond and the City. The complaint was styled as a quiet title and declaratory judgment action.[4] Powder Run alleged that Black Diamond and the City "claim a right or interest in the Easement Parcel adverse to the rights and interests of [Powder Run]." Powder Run later moved to amend the complaint by adding as defendants the individual unit owners of the Black Diamond Lodge. The City moved to dismiss the action and Black Diamond moved for summary judgment, both on the

basis of the thirty-day statute of limitations in Utah Code section 10–9a–801(2)(a). The district court granted the defendants' motions and denied Powder Run's motion to amend as futile. Powder Run appeals.

## ISSUES AND STANDARDS OF REVIEW

■ ¶ 5 Powder Run contends that the statute of limitations in Utah Code section 10–9a–801 does not bar its quiet title action and that the district court therefore erred in granting summary judgment in favor of Black Diamond and in dismissing the suit against the City. In reviewing a grant of summary judgment, "[a]n appellate court reviews a trial court's legal conclusions and ultimate grant or denial of summary judgment for correctness." *Orvis v. Johnson*, 2008 UT 2, ¶ 6, 177 P.3d 600 (citation and internal quotation marks omitted).[5]

■ ¶ 6 Powder Run also contends that given the district court's allegedly erroneous ruling on the statute of limitations issue, the district court erred in denying, on the basis of futility, Powder Run's motion for leave to amend its complaint. While we review for abuse of discretion a ruling on a motion for leave to amend a pleading, we review a futility determination for correctness. *Shah v. Intermountain Healthcare, Inc.*, 2013 UT App 261, ¶ 6, 314 P.3d 1079.

## ANALYSIS

### I. Statute of Limitations

¶ 7 Powder Run advances four arguments challenging the district court's ruling that its quiet title action was barred by section 10–9a–801. First, it argues that the statute, by its terms, does not apply to this case. Sec-

---

able inferences drawn therefrom in the light most favorable to Powder Run, the nonmoving party. *Orvis v. Johnson*, 2008 UT 2, ¶ 6, 177 P.3d 600.

3. Two other entities joined Black Diamond in offering to dedicate the easement. Because the other entities are not party to this suit, we refer only to Black Diamond for convenience.

4. The complaint also alleged trespass, but Powder Run later stipulated that its trespass action

was barred by the applicable statute of limitations.

5. On appeal, the parties treat the district court's ruling on the City's motion to dismiss as a ruling on a motion for summary judgment. *See* Utah R. Civ. P. 12(b) ("If, on a motion . . . to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56. . . ."). We do likewise.

ond, Powder Run argues that regardless of the limitations period in the statute, a void ordinance may be challenged at any time. Third, Powder Run argues that its quiet title action is a true quiet title action to which statutes of limitations do not apply. Fourth, Powder Run argues that the statute of limitations does not apply, because Powder Run is in actual possession of the easement under a claim of ownership.

A. Applicability of the Statute

■ ¶ 8 The Municipal Land Use, Development, and Management Act (MLUDMA) places a thirty-day limit on challenges to municipal land use decisions:

> Any person adversely affected by a final decision made in the exercise of or in violation of the provisions of this chapter may file a petition for review of the decision with the district court within 30 days after the local land use decision is final.

Utah Code Ann. § 10–9a–801(2)(a) (LexisNexis 2012). "Based on [MLUDMA's] plain language, a party is affirmatively entitled to judicial review of *any* final [municipal] land use decision whenever (A) the decision adversely affects the party's interests, (B) the decision was made in the exercise of or in violation of provisions of [MLUDMA], and (C) the party files a petition for review within thirty days of the date the [municipality's] decision is final." *Gillmor v. Summit County*, 2010 UT 69, ¶ 18, 246 P.3d 102 (interpreting a parallel provision in the County Land Use, Development, and Management Act (CLUDMA)).[6]

¶ 9 Powder Run does not argue that the ordinance is not a "decision made in the exercise of or in violation of the provisions of [MLUDMA]." *See* Utah Code Ann. § 10–9a–801(2)(a). Rather, Powder Run argues that the statute should not apply to its suit because it is not seeking "review" of the

City's decision to accept the dedication. *See id.* As Powder Run has characterized its claim, it argues that because Black Diamond did not have any legal right to dedicate the easement to the City, the district court should "conclude that in fact no dedication occurred," declare the dedication void ab initio, and quiet title to the easement in Powder Run.

¶ 10 Powder Run's argument ignores the fact that the City accepted the allegedly invalid dedication and passed an ordinance making a portion of the easement a public street. In its complaint, Powder Run acknowledges that the City, and not only Black Diamond, "claims a right or interest in the Easement Parcel adverse to the rights and interests of [Powder Run]." Powder Run asks for an order quieting title in Powder Run and decreeing that Black Diamond, the City, "and all persons or entities claiming by, through or under them have no rights or interest in or to the Easement Parcel." Powder Run also alleges that it is entitled to a "declaration establishing that the public dedication *by Park City* was void ab initio, and that Black Diamond, its members, the public and all persons or entities claiming by, through or under them have no right to traverse or otherwise occupy the Easement Parcel." (Emphasis added.) We see no way to read Powder Run's complaint other than as a request for the district court to review the City's decision to accept the dedication of a portion of the easement as a public street.

¶ 11 Powder Run also argues that the statute does not apply to its suit because Powder Run is not "adversely affected" by the City's ordinance. *See id.* § 10–9a–801(2)(a). Powder Run argues that because the dedication is invalid, it had no impact on Powder Run's property rights.

¶ 12 Regardless of the validity of Black Diamond's offer to dedicate, the City's deci-

---

6. The statute also states, "If the municipality has complied with [the notice provisions of] Section 10–9a–205, a challenge to the enactment of a *land use ordinance* or general plan may not be filed with the district court more than 30 days after the enactment." Utah Code Ann. § 10–9a–801(5) (LexisNexis 2012) (emphasis added). Whichever thirty-day limit we apply, our conclusion would be the same. Therefore, we apply the

provision addressed by the district court and the parties, and we need not determine whether the ordinance in question qualifies as "a land use ordinance." *See id.* § 10–9a–103(24) (Supp. 2013) (defining "land use ordinance" as "a planning, zoning, development, or subdivision ordinance of the municipality, but ... not includ[ing] the general plan").

sion to accept that dedication adversely affected Powder Run. The City enacted an ordinance making a portion of the easement a public street. Black Diamond built a road across that portion of the easement in 2001, and since that time, the public has continually used that road to access the Black Diamond Lodge and another adjacent development. As mentioned above, Powder Run alleges in its complaint that the City claims a right adverse to Powder Run. It asks the district court for a declaration that those using the public street have no right to do so. Powder Run's complaint thus belies the argument that Powder Run is not adversely affected by the ordinance.

## B. Void Ordinance Exception

██ ¶ 13 Next, Powder Run argues that statutes of limitations do not apply to void ordinances. Powder Run relies on cases holding that challenges to void judgments are not subject to time limitations. *See, e.g., Garcia v. Garcia,* 712 P.2d 288, 290–91 (Utah 1986) (per curiam). Powder Run argues that "[t]here is no meaningful difference between the application of a time bar to the void judgment of a district court and the void action of a municipal body."

¶ 14 Our supreme court was presented with a similar argument in *Gillmor v. Summit County,* 2010 UT 69, 246 P.3d 102, but the court did not resolve the issue. *See id.* ¶ 17. We need not determine whether the rule governing void judgments applies to void ordinances in general, because we conclude that section 10–9a–801 contemplates a limitation on the type of suit brought by Powder Run in this case.

¶ 15 In addition to setting forth exhaustion requirements and time limitations, section 10–9a–801 states that courts are limited to determining "only whether or not the decision, ordinance, or regulation is arbitrary, capricious, or illegal." Utah Code Ann. § 10–9a–801(3)(a)(ii) (LexisNexis 2012). The statute further provides that courts must "presume that a decision, ordinance, or regulation made under the authority of this chapter is valid." *Id.* § 10–9a–801(3)(a)(i). The statute then specifies ways in which validity may be determined:

(b) A decision, ordinance, or regulation involving the exercise of legislative discretion is valid if it is reasonably debatable that the decision, ordinance, or regulation promotes the purposes of this chapter and is not otherwise illegal.

(c) A final decision of a land use authority or an appeal authority is valid if the decision is supported by substantial evidence in the record and is not arbitrary, capricious, or illegal.

(d) A determination of illegality requires a determination that the decision, ordinance, or regulation violates a law, statute, or ordinance in effect at the time the decision was made or the ordinance or regulation adopted.

*Id.* § 10–9a–801(3).

¶ 16 Powder Run's request for a "declaration establishing that the public dedication by Park City was void ab initio" and an order quieting title in Powder Run on that basis falls within the scope of this statute. Powder Run is essentially arguing that the ordinance is of no effect—that the City had no legal authority to declare the easement a public road—because Black Diamond had no right to offer the easement to the City. Arguing that the ordinance is void and of no effect is a direct challenge to the validity of the ordinance. Section 10–9a–801 governs challenges to the validity of a municipality's land use decisions, ordinances, and regulations. Regardless of whether Powder Run would be able to successfully overcome the presumption of validity under the standards in subsection 10–9a–801(3), its challenge to the allegedly void ordinance must satisfy the time limitations of section 10–9a–801. *Cf. Branting v. Salt Lake City,* 47 Utah 296, 153 P. 995, 1000–01 (1915) (applying a statute of limitations to a claim asking a court "to declare certain proceedings whereby a certain tax was assessed and levied against [the plaintiff's] property void and of no effect and to annul said proceedings"); *Gillmor v. Blue Ledge Corp.,* 2009 UT App 230, ¶ 24, 217 P.3d 723 (stating that under the statute of limitations governing suits by the United States to vacate and annul land patents, "it is irrelevant if the patent at issue is void" because " '[i]f [the statute of limitations] were con-

fined to valid patents it would be almost or quite without use'" (quoting *United States v. Chandler–Dunbar Water Power Co.,* 209 U.S. 447, 450, 28 S.Ct. 579, 52 L.Ed. 881 (1908))).

## C. True Quiet Title Exception

¶ 17 Powder Run further argues that the statute of limitations does not apply to true quiet title actions and that its suit qualifies as a true quiet title action.

■ ¶ 18 Nearly a century ago, the Utah Supreme Court "established the general rule that where 'the action is purely one to remove a cloud or to quiet the title [to real property], the statute of limitations has no application.'" *Bangerter v. Petty,* 2009 UT 67, ¶ 12, 225 P.3d 874 (alteration in original) (quoting *Branting v. Salt Lake City,* 47 Utah 296, 153 P. 995, 1001 (1915)). However, the supreme court qualified this general rule by holding that "'all actions in which the principal purpose is to obtain some affirmative relief ... clearly come within the [statute of limitations].'" *Id.* (alteration and omission in original) (quoting *Branting,* 153 P. at 1001). The court has clarified this standard as follows:

> If the action is a true quiet title action, meaning an action merely to "quiet an *existing* title against an adverse or hostile claim of another," then the statute of limitations will not bar the claim. However, "[i]f the party's claim for quiet title relief can be granted only if the party succeeds on another claim, then the statute of limitations applicable to the other claim will also apply to the quiet title claim."

*Id.* (alteration in original) (quoting *In re Hoopiiaina Trust,* 2006 UT 53, ¶¶ 26–27, 144 P.3d 1129). Thus, to determine whether the statute of limitations applies, "a court must examine the relief sought" and "assess on what basis the party would be entitled to have title quieted." *Hoopiiaina Trust,* 2006 UT 53, ¶ 27, 144 P.3d 1129.

■ ¶ 19 We conclude that Powder Run's suit does not qualify as a true quiet title action. As mentioned above, Powder Run seeks an order quieting title as against Black Diamond and the City. However, the basis of Powder Run's claim is its argument that the ordinance is void. Powder Run thus could not succeed on its quiet title claim without first striking down the ordinance. Therefore, Powder Run's "claim for quiet title relief can be granted only if [it] succeeds on another claim"—its claim for review of the validity of the City's land use decision. *See id.*

¶ 20 This conclusion is illustrated by the cases addressing the true quiet title exception. In *Branting v. Salt Lake City,* 47 Utah 296, 153 P. 995 (1915), a plaintiff filed an action asking the court to annul municipal ordinances and proceedings approving the construction of a sewer and levying a special tax on abutting property. *Id.* at 996. Our supreme court rejected the plaintiff's argument that his challenge to the tax was a quiet title action to which no statute of limitations applied. *Id.* at 1000–01. The court acknowledged that the tax constituted a lien but stated that the validity of the tax did not depend on the validity of a competing claim of title—the city never asserted title or questioned the soundness of the plaintiff's title. *Id.* at 1000. Rather, the court stated, the validity of the tax "depends entirely upon whether the proceedings of [the city] by which it undertook to assess and levy the same are legal or illegal." *Id.* "The relief that [the plaintiff] sought by bringing the action was to have those proceedings declared illegal." *Id.* Because the action was "commenced for the purpose of invoking the aid of a court of equity to declare certain proceedings whereby a certain tax was assessed and levied against [the plaintiff's] property void and of no effect and to annul said proceedings," the statute of limitations applied. *Id.* at 1000–01.

¶ 21 Although Powder Run alleges that the City claims an interest in the easement adverse to Powder Run's interest, the basis of the relief sought by Powder Run is essentially the same as that sought in *Branting.* Powder Run is asking the court to "declare [the ordinance] void and of no effect," and success in Powder Run's quiet title action depends entirely upon the validity of the ordinance. *See id.*

¶ 22 In *Davidsen v. Salt Lake City,* 95 Utah 347, 81 P.2d 374 (1938), a plaintiff

delivered to the city a deed for a strip of land. *Id.* at 374. The plaintiff later asked the district court to set aside the deed for fraud and to quiet title in him. *Id.* at 376. Our supreme court held that the suit was barred by the statute of limitations. *Id.* at 377. The court acknowledged that the request to quiet title and to cancel the deed for fraud were two separate claims, but it stated that relief on the quiet title action depended on success on the fraud claim: "unless his right to have the deed cancelled is established he is not entitled to have his title quieted nor to have judgment for possession of the property." *Id.* at 376–77. The court concluded that because "his relief in each case depends ... upon the cancellation of a deed for fraud or mistake, he must bring his action within the period provided by law for an action based upon that ground." *Id.* at 377.

¶ 23 Again, despite Powder Run's attempts to characterize its action otherwise, this suit involves a challenge to the validity of the ordinance. *See supra* ¶ 16. As with *Davidsen,* Powder Run's success on its quiet title action depends on the validity of the ordinance. Unless its right to have the ordinance set aside is established, it is not entitled to have title quieted in its favor.

¶ 24 *In re Hoopiiaina Trust,* 2006 UT 53, 144 P.3d 1129, provides further illustration. In *Hoopiiaina Trust,* a settlor placed real property in two irrevocable trusts for the benefit of the plaintiffs, but over twenty years later, he devised some of that same property by will to the defendants. *Id.* ¶¶ 1, 3, 6–7, 10. The personal representative of the estate distributed the property under the terms of the will and also conveyed other property covered by the trust to herself. *Id.* ¶ 10. When the plaintiffs discovered the trust documents, they requested an order quieting title to the trust property. *Id.* ¶¶ 7–11, 13. The supreme court held that the suit presented a true quiet title action that was not barred by the statute of limitations. *Id.* ¶¶ 32–33. The court explained that because the settlor had no ability to devise what he did not own and the personal representative had no basis to claim an ownership interest in the trust property, the defendants had

"nothing more than an adverse claim" to the trust property, backed up by "no more than a wild deed." *Id.* Because it was unnecessary to rule in the plaintiffs' favor "on any other legal issue" in order to quiet title, no statute of limitations applied. *Id.*

¶ 25 Powder Run argues that its quiet title action is like that in *Hoopiiaina Trust.* It argues that Black Diamond had no ability to dedicate the easement to the City and that Black Diamond's offer is "directly analogous to the giving of a wild deed." It argues, therefore, that Black Diamond's offer and the City's acceptance of that dedication are nothing more than adverse claims.

¶ 26 We acknowledge some similarities between *Hoopiiaina Trust* and the present case. However, we distinguish this case because of the legislative action following Black Diamond's allegedly ineffective offer to dedicate the easement to the City. Even if Black Diamond's offer were directly analogous to a wild deed, it was followed by the adoption of an ordinance making a portion of the easement a public street. Whatever interest Black Diamond had in the easement before adoption of the ordinance, its interest and the City's interest are now based in an ordinance that Powder Run seeks to invalidate. Because that ordinance also affects Powder Run's interest, Powder Run's quiet title action against Black Diamond and the City cannot succeed unless the court first determines that the ordinance is invalid. *See Church v. Meadow Springs Ranch Corp.,* 659 P.2d 1045, 1048–49 (Utah 1983) ("To succeed in an action to quiet title to real estate, a plaintiff must prevail on the strength of his own claim to title and not on the weakness of a defendant's title or even its total lack of title."); *Department of Soc. Servs. v. Santiago,* 590 P.2d 335, 337–38 (Utah 1979) (stating that as an element of a quiet title action, a plaintiff must establish "entitlement to possession"). Therefore, the statute of limitations governing challenges to the City's land use decision applies to Powder Run's quiet title action. *See Hoopiiaina Trust,* 2006 UT 53, ¶ 27, 144 P.3d 1129.

### D. Actual Possession Exception

¶ 27 Finally, Powder Run argues that the statute of limitations does not apply to a

party in actual possession under a claim of ownership.

¶ 28 In *Bangerter v. Petty,* 2009 UT 67, 225 P.3d 874, the Utah Supreme Court held that even if a plaintiff seeking to quiet title does not qualify under the true quiet title exception, a statute of limitations may be inapplicable on the basis of actual possession. *Id.* ¶¶ 14, 16. The court held that "the statute of limitations does not bar an individual or entity from bringing an action to quiet title to real property when that individual or entity is (1) in actual possession of property and (2) under a claim of ownership." *Id.* ¶ 16. The court explained the policies behind this exception as follows:

> "In many instances one in possession would not know of dormant adverse claims of persons not in possession. Moreover, even if ... the party in possession knows of such a potential claimant, there is no reason to put him to the expense and inconvenience of litigation until such a claim is pressed against him."

*Id.* (omission in original) (quoting *Muktarian v. Barmby,* 63 Cal.2d 558, 47 Cal.Rptr. 483, 407 P.2d 659, 661 (1965) (en banc)).

¶ 29 We conclude that Powder Run is not in actual possession of that portion of the easement dedicated as a public street. Black Diamond installed underground utilities and a monument sign on the easement. It built a road that the public has used to access the Black Diamond Lodge and another adjoining development since late 2001. This cannot qualify as actual possession by Powder Run. *See id.* (suggesting that actual possession must be " 'undisturbed' " (quoting *Mayer v. L & B Real Estate,* 43 Cal.4th 1231, 78 Cal.Rptr.3d 62, 185 P.3d 43, 46 (2008))). Concluding otherwise would not serve the purposes of the exception. Powder Run was aware of the offer to dedicate and participated in the public hearing by submitting a letter stating that it would not oppose the action but would like the City to delay action to allow Powder Run to further consider its options. Thus, Powder Run had notice of the adoption of the ordinance, Black Diamond's construction of the road, and the public's use of the easement. These competing claims cannot be characterized as "dormant adverse claims of persons not in possession." *See id.*

(citation and internal quotation marks omitted).

¶ 30 In sum, Powder Run's suit falls within the purview of section 10–9a–801, and none of the exceptions asserted by Powder Run apply to this case.

## II. Denial of Motion for Leave to Amend

¶ 31 Finally, Powder Run contends that the district court erred in denying it leave to amend its complaint to add as defendants the unit owners of the Black Diamond Lodge. The basis for the district court's denial was that given its ruling on the statute of limitations issue, any motion to amend would be futile. Powder Run's challenge to the district court's futility determination assumes that the district court erred in its ruling on the statute of limitations issue. Because we affirm the district court's ruling on the statute of limitations issue, and because Powder Run makes no argument independent of that ruling in challenging the district court's denial of its motion for leave to amend, we affirm the district court's decision.

## CONCLUSION

¶ 32 By its terms, Utah Code section 10–9a–801 applies to Powder Run's quiet title action, which challenges the validity of a municipal ordinance. Powder Run's characterization of the ordinance as void does not save Powder Run's claims from the statute of limitations. Because success on Powder Run's quiet title action depends on a successful challenge to the validity of the ordinance, Powder Run's suit does not qualify as a true quiet title action to which no statute of limitations applies. Furthermore, Powder Run is not in actual possession of that portion of the easement dedicated as a public street. Therefore, the district court properly determined that Powder Run's suit was barred because it was not filed within the thirty-day limit set forth in section 10–9a–801. Given this conclusion, Powder Run's motion for leave to amend its complaint would have been futile.

¶ 33 Affirmed.