**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 28, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

JASON LUNT,

    Plaintiff - Appellant,

v.

NATIONSTAR MORTGAGE; JAMES H.
WOODALL, Trustee; DOES 1 - 10,

    Defendants - Appellees.

No. 18-4093
(D.C. No. 1:13-CV-00065-DB)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, Chief Judge, **HARTZ** and **BACHARACH**, Circuit Judges.
_____

Plaintiff Jason Lunt sued Nationstar Mortgage, asserting two claims under

Utah law: (1) void contract and (2) quiet title. He sought various relief, including a

declaration that his mortgage contract with Nationstar was null and void and an order

invalidating all related documents encumbering his title. Nationstar moved for

summary judgment, arguing, among other things, that Plaintiff's claims were

time-barred. Nationstar also moved for dismissal of the action based upon Plaintiff's

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

failure to join an indispensable party, his wife Nicole Lunt. The district court granted both motions and entered judgment dismissing the action in its entirety.[1] In granting the indispensable-party motion, the district court stated that joining Mrs. Lunt would be futile because the limitations period had expired on Plaintiff's claims.

Plaintiff argues on appeal that the court erred in holding that his quiet-title claim was time-barred. He further contends that in light of that error, joining his wife would not be futile. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm. Plaintiff did not preserve in the district court the only argument he raises in his opening brief challenging the district court's grant of summary judgment, and he fails to argue for plain-error review. Further, affirmance of the statute-of-limitations dismissal disposes of Plaintiff's sole argument in his opening brief against the district court's dismissal for failure to join an indispensable party.

I.     **Background**

In 2007, Plaintiff considered refinancing the existing mortgage on his home (the Property). He and his wife discussed this potential refinancing with a friend who was in the mortgage business. Plaintiff was interested in extracting $50,000 in equity to use for other investments. In August 2007, Plaintiff's friend brought loan documents to the couple's home, and Plaintiff and his wife signed the documents without reviewing them. In particular, they signed as co-borrowers on a Note

---

[1] The district court's judgment terminated the action as to all defendants, including James H. Woodall, Trustee. Woodall is not participating in this appeal.

secured by a trust deed encumbering the Property. Shortly after executing the loan documents, Plaintiff received and deposited a $50,000 check from the loan proceeds.

In October 2007, Plaintiff received a coupon book reflecting loan terms that he alleges were different from what he and his wife expected based on his friend's representations about the loan. Plaintiff then reviewed the loan documents and discovered the new mortgage had an adjustable rate and a prepayment penalty. Plaintiff contacted his friend about the alleged discrepancies in the loan, and he initiated an investigation with the loan servicer about allegedly forged signatures on some of the loan documents. He also contacted the title company and the police. But he did not file suit.

Plaintiff and his wife continued to make mortgage payments through the end of 2010. From 2011 to 2013, foreclosure proceedings were commenced, postponed, and cancelled several times. At some point, Nationstar became the servicer of Plaintiff's mortgage.

Plaintiff filed this action in April 2013. His second-amended complaint (the final, and operative, complaint) alleged that the mortgage contract was void and sought to quiet title to the Property. Plaintiff contended that the contract is void because he believed that the loan documents that he and his wife signed were only preliminary, nonbinding documents and because his friend had fraudulently induced him to agree to the loan. Nationstar moved for summary judgment, arguing that Plaintiff's void-contract claim was barred by the applicable statutes of limitations and his quiet-title claim was therefore also untimely. Nationstar also contended that

3

Plaintiff's action should be dismissed because he failed to join his wife, who was an indispensable party.

The district court held that Plaintiff's void-contract claim, whether based on a theory of unilateral mistake or fraud, was subject to a three-year statute of limitations. Because Plaintiff was aware of all the facts giving rise to that claim in 2007, the court concluded it was untimely when filed in 2013.

As for the timeliness of Plaintiff's quiet-title claim, the district court held that "actions in which the principal purpose is to obtain some affirmative relief clearly come within the statute of limitations," and "quiet title claims contingent upon the success of another claim are subject to the statute of limitations applicable to the other claim." Aplt. App. at 296 (ellipses and internal quotation marks omitted). For these propositions, the district court relied on the Utah Supreme Court's decision in *Bangerter v. Petty*, 225 P.3d 874 (Utah 2009). The court concluded that Plaintiff's quiet-title claim sought affirmative relief—a declaration that the loan was void and extinguishment of the trust deed—which was contingent on the success of his void-contract claim. It therefore concluded that his quiet-title claim was untimely because he filed it more than three years after his void-contract claim had accrued.

The district court also held that Plaintiff's wife, who was a joint tenant of the Property and a co-borrower on the mortgage note, was an indispensable party under Federal Rule of Civil Procedure 19 and that her absence required dismissal of the action. After noting that the time to add parties had expired, the court further found

4

that joining Plaintiff's wife at that time would be futile in light of its ruling that all of the claims asserted in the action were time-barred.

## II. Discussion

Plaintiff's opening brief on appeal argues that the district court erred in holding that his quiet-title claim is time-barred. He further contends that because the court erred in dismissing that claim as untimely, it also erred in holding that joining his wife in the action would be futile. Plaintiff asserts that on remand the district court should consider whether her joinder in the action would cause any prejudice. We review de novo a grant of summary judgment. *See Cory v. Aztec Steel Bldg., Inc.*, 468 F.3d 1226, 1233 (10th Cir. 2006).

### A. Statute of Limitations

Plaintiff contends that he filed a true quiet-title claim that is not subject to any statute of limitations. He points out that it is undisputed that he is the title holder to the Property and he was seeking to remove an encumbrance from his title—Nationstar's trust deed. He then argues that under Utah case law his status as the title holder precludes application of a statute of limitations to his quiet-title claim. In particular, he asserts that the district court misapplied *Bangerter*, in which the Utah Supreme Court stated that "the statute of limitations does not apply to quiet title actions where the claimant is in actual possession of the property in question under a claim of ownership." 225 P.3d at 876-77. Plaintiff distinguishes his quiet-title claim from a case in which the claimant seeks to invalidate title already granted to another as a condition precedent to obtaining an order quieting title.

5

But, as Nationstar points out, Plaintiff failed to preserve his "true quiet-title" argument in the district court, thereby forfeiting that argument on appeal. To preserve an argument for appeal, it must be "presented to, considered and decided" by the district court. *Lyons v. Jefferson Bank & Tr.*, 994 F.2d 716, 721 (10th Cir. 1993) (brackets and internal quotation marks omitted). Plaintiff does not provide any record citation showing that his appeal argument was raised before, and ruled on by, the district court, as required by Tenth Circuit Rule 28.1(A). Our review of the record does not reveal any material that could fairly be read to present Plaintiff's argument that no statute of limitations applies to his quiet-title claim because he holds title to the Property.

Nationstar argued in its summary-judgment motion that Plaintiff's quiet-title claim was contingent on the success of his first cause of action for void contract. It contended, "If a plaintiff's claim for quiet title 'can be granted only if the party succeeds on another claim, then the statute of limitations applicable to the other claim will also apply to the quiet title claim.'" Aplt. App. at 52 (quoting *Bangerter*, 225 P.3d at 877).

In response, Plaintiff's entire argument challenging the applicability of any statute of limitations to his claims was as follows:

> D.      Plaintiffs Bring this Suit in a Defensive Position; Statutes of
>         Limitations Don't Apply
>
> Statutes of Limitations are designed to prevent otherwise legally
> enforceable rights from being exercised because the party who can enforce

6

> the obligation or statutory claim waited too long to do so, and allowing them to do so at a late date would be manifestly unjust.
>
> Nationstar, in arguing that Ms. Lunt would be barred from asserting her property rights now should she be joined, has not understood that the Lunts have brought this action in response to Nationstar's efforts to non-judicially forclose, and therefore seek an equitable order and quiet title from a defensive position. There is no statute of limitations on raising a defense.

*Id.* at 149. No authority was cited. The district court rejected Plaintiff's "defensive position" argument and adopted Nationstar's reading of *Bangerter* in holding that the quiet-title claim was untimely. *Id.* at 296-97.

Thus, although Plaintiff had ample opportunity to raise his appeal argument in response to Nationstar's summary-judgment contention, he never fairly presented it to the district court. *See FDIC v. Kan. Bankers Sur. Co.*, 840 F.3d 1167, 1170-71 (10th Cir. 2016).

Plaintiff argues that his district-court argument was close enough to his appeal argument to preserve the latter for appellate review. We are not persuaded. He says that his district-court argument simply stated in different terms the Utah Supreme Court's rationale for not applying statutes of limitations in quiet-title actions. But a vague reference to a point in the district court is not sufficient to preserve an argument more fully presented on appeal. *See Lyons*, 994 F.2d at 721. Nor is it enough to have raised a related argument below. *See id.* at 722. Plaintiff's contention in the district court "is a far cry" from his theory on appeal that he filed a true quiet-title claim not subject to any statute of limitations because he holds title to the Property. *Kan. Bankers Sur. Co.*, 840 F.3d at 1170. Moreover, Plaintiff did not

7

cite in his district-court argument the cases he relies upon now. *See id.* (noting the plaintiff cited for the first time on appeal the principal cases it relied upon). In particular, Plaintiff did not argue below that Nationstar's summary-judgment motion misconstrued *Bangerter*, the case that the district court ultimately relied on in holding that his quiet-title claim was untimely.

There is also no merit to Plaintiff's contention that his assertion of a quiet-title claim, in itself, was sufficient to preserve any theory he wishes to raise on appeal regarding the timeliness of that claim. That assertion is contrary to this court's case law requiring litigants to present their specific arguments to the district court to preserve them for appeal. *See Parker Excavating, Inc. v. LaFarge W., Inc.*, 863 F.3d 1213, 1223 (10th Cir. 2017) (rejecting contention that alleging a particular claim justifies making new arguments on appeal as to that claim); *Fish v. Kobach*, 840 F.3d 710, 730 (10th Cir. 2016) (characterizing this contention as "spurious under our forfeiture and waiver principles").

Accordingly, we conclude that Plaintiff did not preserve in the district court his sole argument on appeal challenging the district court's summary-judgment order.

The general rule is that issues not presented in the district court are forfeited on appeal. *See United States v. Jarvis*, 499 F.3d 1196, 1201 (10th Cir. 2007). "[A] party may not lose in the district court on one theory of the case, and then prevail on appeal on a different theory." *Lyons*, 994 F.2d at 721. This is so even if the appellant advances a stronger argument on appeal. *See Richison v. Ernest Grp., Inc.*,

8

634 F.3d 1123, 1127, 1130 (10th Cir. 2011) (plaintiff's "much more plausible theory" presented on appeal was nonetheless forfeited by his failure to preserve it).

"[W]e will entertain forfeited theories on appeal, but we will reverse a district court's judgment on the basis of a forfeited theory only if failing to do so would entrench a plainly erroneous result." *Id.* at 1128. To show plain error, Plaintiff must demonstrate "(1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* But Plaintiff has neither invoked the plain-error standard nor attempted to show how his new legal theory satisfies it. Consequently, his "failure to argue for plain error and its application on appeal . . . marks the end of the road for an argument for reversal not first presented to the district court." *Id.* at 1131. We affirm the dismissal of Plaintiff's claims as untimely.

## B.     Failure to Join Indispensable Party

The district court also granted Nationstar's motion to dismiss the action because Plaintiff failed to join his wife, who the court held was an indispensable party under Rule 19. In his opening brief, Plaintiff's sole argument of error on this issue is contingent upon a holding that the district court erred in dismissing his quiet-title claim as time-barred. *See* Aplt. Opening Br. at 12-13 (challenging the district court's holding that joining Plaintiff's wife was futile because the statutes of limitations had run on all claims in the action and seeking reconsideration of the joinder issue on remand). This argument fails because we affirm the district court's decision that the quiet-title claim is time-barred. Plaintiff raises additional arguments

9

in his reply brief for why the indispensable-party ruling was erroneous. But we need not address them because the appellant must raise in his opening brief all arguments challenging the ruling of the district court. *See Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007) ("[T]he omission of an issue in an opening brief generally forfeits appellate consideration of that issue."); *Wheeler v. Comm'r*, 521 F.3d 1289, 1291 (10th Cir. 2008) ("[I]ssues raised by an appellant for the first time on appeal in a reply brief are generally deemed waived.").

Finally, Plaintiff suggests that the district court's indispensable-party ruling deprived it of jurisdiction to grant summary judgment. But the court was saying only that if there were no limitations bar to plaintiff's claims, the court would still have to dismiss the case for failure to join an indispensable party. Plaintiff's wife was not indispensable to resolution of the complaint if the complaint was untimely.

## III. Conclusion

The district court's judgment is affirmed.

Entered for the Court

Harris L Hartz
Circuit Judge

10